IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| JAMES WIDTFELDT, )<br>)<br>Plaintiff, )<br>)<br>vs. )<br>)<br>NEBRASKA EQUAL OPPORTUNITY )<br>COMMISSION, and )<br>NEBRASKA AGRICULTURAL )<br>FARMWORKERS, alias NAF )<br>MULTICULTURAL HUMAN )<br>DEVELOPMENT CORPORATION, )<br>)<br>Defendants. ) | 8:09CV88<br><br>REPORT AND<br>RECOMMENDATION |

On March 12, 2009, the pro se plaintiff, James Widtfeldt, filed a civil complaint in this court alleging that the court has jurisdiction because "Propositioin [sic] 424 of the Nebraska Constitution passed on November 4, 2008, invalidating all the activities of HUD, NAF and NEOC on a local or statewide scale," and venue was proper in this district because "the State Courts of Nebraska and legislature is [sic] bound by passage of Proposition 424, which emasculates the old laws." Filing 1 at ¶¶ 4 & 5. The Clerk of the Court docketed the complaint as a "Notice of Removal,"[1] prompting the Nebraska Attorney General to file a motion to remand for lack of subject matter jurisdiction.

---

[1] Although Widtfeldt's civil complaint bears no indicia of "removal" in any legal sense, the court's docketing staff determined that the complaint must be filed as a "Notice of Removal" based solely on the statement in the complaint that "Widtfeldt REMOVES THIS MATTER under 28 USCA § 1446(b) to remove this case to federal court." The Clerk then filed a notice acknowledging receipt of Widtfeldt's "complaint." Filing 2.

## I. BACKGROUND

In summary, and liberally construing the allegations of the complaint, Widtfeldt alleges that in 2007, "HUD-NAF-NEOC" filed discrimination complaints against him pursuant to the Nebraska Fair Housing Act due to the condition of properties he leased to Hispanic renters. The 2007 dispute was supposedly resolved by means of a "Mediated/Consolidated Agreement" executed on or about February 4, 2008. In December 2008, the NEOC filed suit in state court against Widtfeldt and James Widtfeldt, Inc. for breach of the "Mediated/Consolidated Agreement."

In this lawsuit, Widtfeldt prays for the following relief:

1) Forever disbanding and dissolving the operatives and the agencies in Nebraska which are attempting under the names of HUD-NAF-NEOC to assert inspection rights under vouchers and otherwise.

2) Declare proposition 424 passed and preventing HUD-NAF-NEOC from any activity in either case 08-5348 in the Lancaster County District Court of [sic] in this court.

3) Declare the purported Amendment A null and of no force and effect, as it is not the entire agreement, and the remainder was never signed, and A is not severable.

4) Declare that the purported statutes RRS 20-343(4)(a)(iii)(A) and (b) issue of 2007, are unconstitutional and the fines of $100,000 per day for such actions as missing light bulbs and stained ceiling tiles and piles of personal belongings are lacking in causation (the renters do this, seldom Widtfeldt) and of such slight economic value that the HUD-NAF-NEOC inspectors could and probably are doing some or all of the damage through inciting renters and clever inspections.

5) Enjoining forever the action of Nebraska under RRS 20-320 through 20-344.

5) [sic] Determine the defendants HUD-NAF-NEOC-Nebraska were in fact discriminating against James Widtfeldt's handicapped sister Norma Skjold

who dispatches repair persons, and trying to exploit the physically [sic] disability of Norma Skjold.

6) Determine that the defendants are trying to create discrimination against Hispanic and Indian minorities in Nebraska by requiring vast UNNECESSARY AND EXPENSIVE repairs far in excess of anything reasonable or necessary, on pain of $100,000 per day ruinous and unlawful fines, as a ruse or scheme to make housing inaccessible to minorities in Nebraska.

REMOVAL
   The State of Nebraska has attempted to file litigation in CI 08-5348 in Lancaster County, which should be removed to the federal courts.
   Widtfeldt REMOVES THIS MATTER under 28 USCA § 1446(b) to remove this case to federal court.

Finally, the document contains a distribution list under the caption "CERTIFICATE OF SERVICE," concluding with the cryptic notation, "TO BE MAILED BY MARCH 13, 2009 /s James Widtfeldt."

## II.  LEGAL ANALYSIS

**A.  Removal**

To accomplish the removal of a lawsuit from state court to federal court, a defendant must, *inter alia*,

   • File a "Notice of Removal" within 30 days after the receipt, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based. *See* 28 U.S.C. 1446(a) & (b).  Here, the plaintiff (Widtfeldt) did not file any notice of removal.  He filed a civil complaint, requesting affirmative relief from this court (albeit relief that this court does not have jurisdiction to grant).  The exhibits to his civil complaint also show that this action was filed more than 30 days after Widtfeldt was served with a copy of the amended complaint in the related state court action.

- "Promptly" give written notice of the removal to all adverse parties and "file a copy of the notice with the clerk of such State court, ***which shall effect the removal*** and the State court shall proceed no further unless and until the case is remanded." *See* 28 U.S.C. 1446(d). "[T]he removal statute leaves little room for creative interpretation. The only rule that logically follows from 28 U.S.C. § 1446(d) is that removal is effected when the notice of removal is filed with the state court and at no other time." *Anthony v. Runyon*, 76 F.3d 210, 214 (8th Cir. 1996). Here, neither of the documents filed by the plaintiff (i.e., Filings 1 and 5) show that any notice of removal was ever filed in the state court, which is necessary to effect the removal of a case to federal court. Thus, based on the record presented, no case was ever removed to federal court by the filing of Widtfeldt's civil complaint. Even assuming that Widtfeldt had actually filed a Notice of Removal, which he clearly did not, the time for doing so had expired at the time this case was filed.

**B. Jurisdiction**

The Nebraska Equal Opportunity Commission (NEOC) advised the court that it had been served with a copy of the complaint. The NEOC argues, with merit, that the federal district court does not have jurisdiction over this dispute. The lack of federal subject matter jurisdiction is apparent even if the civil complaint is construed as a notice of removal.[2]

---

[2] Under 28 U.S.C. § 1441(a), a defendant may remove a civil action filed in state court to the federal court of the forum state if the federal court could have exercised original jurisdiction over the case. Removal statutes are strictly construed in favor of state court jurisdiction, and this court must resolve all doubts concerning removal in favor of remand. *Nagel v. Wal-Mart Stores, Inc.*, 319 F. Supp. 2d 981, (D.N.D. 2004) (citing *In re Business Men's Assur. Co. of America*, 992 F.2d 181, 183 (8th Cir. 1993)).

Federal district courts have subject matter jurisdiction over cases that meet the standards for diversity jurisdiction and cases that raise federal questions. Diversity jurisdiction exists where the matter in controversy exceeds the sum or value of $75,000, and the parties are citizens of different states. 28 U.S.C. § 1332(a). Federal district courts have "federal question" jurisdiction over "all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. The party invoking federal jurisdiction (Widtfeldt) bears the burden of proving the jurisdictional requirements. *OnePoint Solutions, LLC v. Borchert*, 486 F.3d 342 (8th Cir. 2007).

In this instance, the complaint indicates that all of the parties are located in Nebraska. The plaintiff and the defendants are not diverse, and this court does not have diversity jurisdiction under 28 U.S.C. § 1332(a).

The related state court case involves a single state law claim for breach of contract. Liberally construing Widtfeldt's writings, and particularly his prayer for relief, this court can discern no claim arising under the Constitution, laws, or treaties of the United States. This court does not have "federal question" jurisdiction over the claims asserted in Widtfeldt's complaint.

### III.  RECOMMENDATION

In summary, Widtfeldt did not file a notice of removal in this court. Even assuming that Widtfeldt intended to file a notice of removal, he did not comply with the requirements of the removal statutes. Significantly, the record does not show that Widtfeldt effected the removal of the related state court case by filing a notice of removal in the state court. In any event, the federal district court does not have subject matter jurisdiction over any of

the claims raised in Widtfeldt's complaint or any of the claims asserted against Widtfeldt in the related state court action.

**IT IS RECOMMENDED:**

1. That plaintiff's Complaint (Filing 1) be dismissed for lack of federal subject matter jurisdiction without prejudice to filing it in state court, and that the NEOC's Motion for Remand (Filing 3) be granted to that extent.

2. That the Clerk of the Court be ordered to amend the caption of the case and records of the court to show (a) that Filing 1 is a civil complaint, (b) the plaintiff is James Widtfeldt, (c) the defendants are the Nebraska Equal Opportunity Commission and "Nebraska Agricultural Farmworkers, alias NAF Multicultural Human Development Corporation," and (d) "James Widtfeldt Inc." is not a party to this case.

3. In the alternative, if the district court elects to construe the complaint as a "Notice of Removal," that the NEOC's Motion for Remand (Filing 3) be granted and the case be remanded to the Lancaster County District Court.

**DATED August 12, 2009.**

            **BY THE COURT:**

            **s/ F.A. Gossett**
            **United States Magistrate Judge**