IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| JAMES WIDTFELDT, | ) | CASE NO. 8:09CV88 |
| | ) | |
| Plaintiff, | ) | |
| | ) | MEMORANDUM |
| v. | ) | AND ORDER |
| | ) | |
| NEBRASKA EQUAL OPPORTUNITY COMMISSION, and NEBRASKA AGRICULTURAL FARMWORKERS, alias NAF MULTICULTURAL HUMAN DEVELOPMENT CORPORATION, | ) ) ) ) ) ) | |
| | ) | |
| Defendants. | ) | |

This matter is before the Court on the Report and Recommendation of Magistrate Judge F.A. Gossett (Filing No. 6) filed in response to the Nebraska Equal Opportunity Commission's ("NEOC") Motion to Remand (Filing No. 3). An "Objection to August 12, 2009, 'Report and Recommendation of Referee' as Being Contrary to the Law, Facts, and Evidence," as allowed by 28 U.S.C. § 636(b)(1) and NECivR 72.3(a), has been timely filed by James Widtfeldt. (Filing No. 7).[1]

The Court has considered the NEOC's brief (Filing No. 4) and Widtfeldt's resistance (Filing No. 5) presented to the Magistrate Judge, as well as Widtfeldt's arguments made in support of his Objection (Filing No. 7).

With respect to the Plaintiff's Statement of Objection to the Magistrate Judge's Report and Recommendation, the Court has conducted a *de novo* review of the record pursuant to 28 U.S.C. § 636(b)(1) and NECivR 72.3. This Court has reviewed all the

---

[1] Widtfeldt erroneously refers to the Magistrate Judge as a "referee."

evidence and arguments presented by the parties and has considered the applicable law relative to the Magistrate Judge's Report and Recommendation.

As noted by Judge Gossett in his Report and Recommendation, Widtfeldt's Complaint (Filing No. 1) was erroneously docketed by the Clerk of the Court as a "Notice of Removal." Widtfeldt filed a Complaint in this Court that contains allegations against the NEOC and the Nebraska Agricultural Farmworkers. A copy of a complaint filed by the NEOC against Widtfeldt and others in the District Court of Lancaster County, Nebraska, was attached to Widtfedt's Complaint. At the conclusion of the Complaint, following the prayer for relief, Widtfeldt includes the following language under the heading "REMOVAL":

> The State of Nebraska has attempted to file litigation in CI 08-5348 in Lancaster County, which should be removed to the federal courts.
> Widtfeldt REMOVES THIS MATTER under 28 USCA § 1446(b) to remove this case to federal court.

(Filing No. 1, p. 5). Widtfeldt's intentions with respect to removal of the NEOC action from state court are unclear in the context of his Complaint, and the Court cannot construe Filing No. 1 as a Notice of Removal. Instead, the Court recognizes that Filing No. 1 is a Complaint, as Widtfeldt so identified in the caption of his filing.

In his Objection, Widtfeldt argues that the Magistrate Judge's Report and Recommendation is "contrary to the law, facts and evidence." (Filing No. 7). Pursuant to NECivR 72.3, a magistrate judge's recommendation concerning remand is reviewed *de novo,* and the objecting party is required to file a statement of objection specifying the portions of the recommendation to which the party objects. The Court may accept, reject, or modify, in whole or in part, a magistrate judge's findings or recommendations.

2

Widtfeldt's statement of objections does not comply with the Local Rule, but rather consists of a laundry list of Amendments 1 through 10 of the Bill of Rights that he alleges were ignored by the Magistrate Judge but which seem wholly unrelated to the Report and Recommendation. (Filing No. 7).

The Court agrees with Judge Gossett's conclusion that "the federal district court does not have subject matter jurisdiction over any of the claims in Widtfeldt's complaint." (Filing No. 6, p. 5-6).

If the Court were to construe Filing No. 1 as a Notice of Removal, the Court would adopt the alternative recommendation of the Magistrate Judge and grant the NEOC's Motion for Remand and remand the case to Lancaster County District Court. As Judge Gossett noted, Widtfeldt did not comply with the provisions of the removal statute, 28 U.S.C. § 1446, which requires that the Notice of Removal be filed within 30 days after the receipt of the initial pleading, that written notice of the removal be given to all adverse parties, and that a copy of the notice be filed with the state court. Widtfeldt failed to show that a notice of removal was filed in the state court or that any attempt to remove the NEOC action to federal court was timely. Furthermore, the NEOC's state court action against Widtfeldt is one for breach of contract and this Court has no jurisdiction over the claims. The Court is further unable to identify any claims in Widtfeldt's Complaint (Filing No. 1) arising under the Constitution, treaties, or laws of the United States.

Because Judge Gossett fully, carefully, and correctly applied the law to the facts, the Court adopts the Report and Recommendation, in part. I conclude that Widtfeldt's Complaint lacks federal subject matter jurisdiction and that dismissal without prejudice to filing in state court is the proper course.

**IT IS ORDERED**:

1. The Defendant's Objection to the Report and Recommendation (Filing No. 7) is overruled;

2. The Magistrate Judge's Report and Recommendation (Filing No. 6) is adopted as follows:

    a. James Widtfeldt's Complaint (Filing No. 1) is dismissed without prejudice; and

    b. The Clerk of the Court is directed to amend the caption of the case and records of the Court to show (a) that Filing 1 is a civil complaint, (b) the plaintiff is James Widtfeldt, (c) the defendants are the Nebraska Equal Opportunity Commission and "Nebraska Agricultural Farmworkers, alias Multicultural Human Development Corporation," and (d) "James Widtfeldt Inc." is not a party to this case;

3. The Plaintiff's Motion to Remand (Filing No. 3) is denied as moot; and

4. Judgment will be entered in accordance with this Memorandum and Order.

DATED this 14th day of October, 2009.

                        BY THE COURT:

                        s/Laurie Smith Camp
                        United States District Judge